IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANITA FAYE GOODWIN, Individually and as Independent Executrix of the Estate of CESARE G. SALANDRA, Deceased, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| VS. | § | 4:22-CV-00307-P |
| SECURITY BENEFIT LIFE INSURANCE COMPANY, | § | |
| Defendant | § | JURY TRIAL REQUESTED |

**AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now ANITA FAYE GOODWIN, Individually and as Independent Executrix of the Estate of Cesare G. Salandra, Deceased, Plaintiff in the above entitled and numbered cause, and files this her Amended Complaint, complaining of SECURITY BENEFIT LIFE INSURANCE COMPANY, Defendant, and for such cause of action would respectfully show the Court as follows:

I.

Nature of the Case

This is a claim for breach of contract for failure to pay death benefits under an Annuity. It also seeks a declaratory judgment that the Plaintiff is the sole beneficiary of the subject Annuity.

II.

Parties

1. Plaintiff is a resident of the State of West Virginia. She is the Independent Executrix of the Estate of Cesare Salandra, deceased. Prior to his death, Cesare Salandra was a resident of the State of Texas.

2. Defendant Security Benefit is an insurance company organized under the laws of a state other than Texas, which transacts business in this State. It has appeared and answered herein.

III.

Jurisdiction and Venue

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff is a citizen of the State of West Virginia. Defendant Security Benefit Life Insurance Company is a corporation organized under the laws of the State of Kansas and is a citizen of Kansas for diversity purposes. Accordingly, this is an action between citizens of different states; there is complete diversity of citizenship.

5. The Court has personal jurisdiction over the Defendant. Security Benefit has personally availed itself of the laws of the State of Texas and because a substantial part of the events giving rise to Plaintiff's cause of action occurred in this state.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(b)(2). As set forth above, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

IV.

Factual Allegations

7. On or about February 12, 2021, Cesare Salandra purchased from Defendant a Security Benefit Strategic Growth Plus Annuity, Contract No. 7710005675 (hereinafter sometimes referred to as the " Annuity"). Cesare died suddenly on or about July 20, 2021. Prior to his death, Cesare obtained a change of beneficiary form from Defendant, filled it out and returned it to the Defendant. In the change of beneficiary form, Cesare designated Plaintiff as the beneficiary of the Annuity.

8. Cesare died testate, having executed a valid Last Will and Testament. His will was admitted to probate by the Tarrant County Probate Court on October 6, 2021. In his will, Plaintiff was named Independent Executrix of the estate. Furthermore, she is the sole beneficiary of Cesare Salandra's estate.

9. On November 9, 2021, Plaintiff attempted to process her claim as beneficiary of the Annuity. However, the Defendant refused to acknowledge the change of beneficiary form that had been previously delivered to it. Defendant has failed and refused to pay the death benefits due under the Annuity.

V.

**First Cause of Action - Breach of Contract**

10. Plaintiff incorporates all of the factual allegations contained in the preceding paragraphs as fully as though set out herein verbatim.

11. The conduct of Security Benefit constitutes a breach of contract in that it has failed to pay Plaintiff as beneficiary in accordance with the terms of the Annuity Contract. As a consequence, Plaintiff has suffered damages. Plaintiff is entitled to all remedies and damages available to her as a result of Security Benefit's breach of contract.

VI.

**Second Cause of Action - Violations of the Texas Insurance Code**

12. Plaintiff incorporates all of the factual allegations contained in the preceding paragraphs as fully as though set out herein verbatim.

13. The conduct of Security Benefit violates the Texas Prompt Pay Statute, Texas Insurance Code section 542.051, *et seq*., including the failure of Defendant to timely pay the death benefit to Plaintiff, entitling her to the amount of the claim and interest on the amount of the claim at the rate of eighteen percent (18%) per year as damages, together with reasonable attorney's fees.

14. Security Benefit has received all items necessary from Plaintiff to pay the proceeds of the Annuity and it is liable for the amount of Plaintiff's claim by violating Texas Insurance Code section 542.060, *et. seq*. in not paying the proceeds.

VII.

**Third Cause of Action - Declaratory Judgment**

15. Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs as fully as though set out herein.

16. A dispute exists as to the rights, status and other legal relations between the parties with respect to the Annuity Contract.

17. Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiff is entitled to, and she seeks a Declaratory Judgment finding and declaring that:

- Anita Faye Goodwin was the sole beneficiary of the Annuity at the time of Cesare Salandra's death; and
- Anita Faye Goodwin is entitled to the proceeds of Security Benefit Strategic Growth Plus Annuity, Contract No. 7710005675.

18. Plaintiff has been forced to hire the undersigned counsel to declare her rights and interests. Pursuant to §37.009 fo the Texas Civil Practices & Remedies Code, she is entitled to and she seeks an award of her costs and reasonable and necessary attorney's fees in obtaining declaratory relief.

VIII.

Damages

19. As a direct and proximate result of the transactions and the Defendant's breach of contract, and violations of the statutes of Texas, the Plaintiff has suffered damages in an amount exceeding $345,000.00 plus interest thereon. The exact amount will be proven at trial.

IX.

**Attorney's Fees**

20. In addition to her claim for declaratory judgment, Plaintiff would show that she is entitled to reasonable attorney's fees against Security Benefit Life Insurance Company, which she says would be the sum of at least $25,000.00 for one trial or hearing hereof, and an additional sum of $50,000.00 if appealed to the United States Court of Appeals and the further sum of $50,000.00 if an appeal or *writ of certiorari* is filed with the Supreme Court of the United States, all to her damage in such amounts.

Jury Demand

Plaintiff respectfully requests a trial by jury.

PRAYER FOR RELIEF

Wherefore, Premises Considered, Plaintiff prays that upon final hearing hereof, Plaintiff have and recover judgment against the Defendant for all of her damages:

(1) All compensatory damages to which she is entitled;

(2) Pre-judgment interest on all compensatory damages;

(3) A judgment declaring that she was the sole beneficiary of the Annuity at the time of Cesare Salandra's death; and that she is entitled to the proceeds of Security Benefit Strategic Growth Plus Annuity, Contract No. 7710005675;

(4) Reasonable and necessary attorney's fees;

(5) Costs and expenses of litigation; and

(6) Such other and further relief as the Court deems proper.

Respectfully submitted,

LAW OFFICES OF RICHARD ELLIOTT

/s/ Richard Elliott

Richard H. Elliott
4709 West Lovers Lane
Suite 200
Dallas, Texas 75209
Telephone: (214) 358-7600
Facsimile: (214) 350-5064
Bar Card No. 06549500
*email address: lawdallas@aol.com*
ATTORNEY FOR PLAINTIFF

Certificate of Service

This is to certify that I electronically filed the foregoing Amended Complaint with the Clerk of the Court and served a true and correct copy of same on the following counsel of record for Defendant:

Melissa Gutierrez Alonso, Esq.
*malonso@bradley.com*
BRADLEY ARANT BOULT CUMMINGS, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
Attorney for Defendant

David C. Miller, Esq.
*dmiller@bradley.com*
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Attorney for Defendant and Counter-plaintiff

on the 3rd day of May, 2022.

/s/ Richard Elliott

Richard H. Elliott